## Feld Estate

*Maxwell Strawbridge*, for accountants.

TAXIS, P. J., September 17, 1956.—The first and final account of Samuel S. Feldgoise and Abe H. Liebster, executors, was examined and audited by the court on September 10, 1956.

The estate being insolvent, the question is submitted whether the claim of a dentist for professional services to decedent, and for prophylaxis, drugs, dental bridge

work (some of the latter of which was completed and some remained incomplete at decedent's death), and a visit to decedent in the hospital, all furnished decedent within six months of his death, has a preferential status under the provisions of section 622 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.622.

That section provides, as to claims against the estate of an insolvent decedent: *"Classification and Order of Payment.* If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States shall pay them in the following order, without priority as between claims of the same class: (1) The costs of administration; (2) The family exemption; (3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, and of services performed for him by any of his employes within that time; . . ."

Although a claim such as is here presented is not given a preference by specific language of the act, I am of the opinion that all of the items for which the claim is made would fall within a reasonable interpretation of: "medicines furnished to him within six months of his death, [and] of medical or nursing services performed for him within that time".

In Silvius Estate, 3 Lack. L. N. 84, 88 (1894), it was said: "The object is to secure to a person in sickness such aids as may seem essential to his comfort or recovery, and his whole estate in case of death is pledged to their preferred payment. . . . It is no strain, therefore, of the law to hold as we do, that the medical attendance there spoken of includes all such immediate attendance on the sick as is directed to an alleviation or a recovery".

The professional services of the dentist in this case, and the materials furnished by him to decedent, are presumed to have been furnished for the purpose of contributing to decedent's well-being, care and treatment, although perhaps only indirectly to the prolonging of his life.

The claim of Martin Entine, D.D.S., is therefore allowed and awarded in the full sum of $251 . . .

And now, September 17, 1956, this adjudication is confirmed nisi.